**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.,

                Plaintiff,

v.

AAA LOGISTICS, INC.,

                Defendant.

Case No. _____

## COMPLAINT

       Plaintiff, The American Automobile Association, Inc. ("AAA"), brings this Complaint for injunctive relief, monetary damages, and other relief against Defendant AAA Logistics, Inc.  AAA alleges as follows:

### NATURE OF THE ACTION

       1.     This is an action for trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), and New York common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and New York state law, New York General Business Law § 360(l); and for deceptive trade practices in violation of the New York Consumer Protection Act, New York General Business Law § 349. AAA seeks injunctive relief, monetary damages, restitution, and all other appropriate relief, including an order enjoining Defendant from using AAA's trademarks in its business name or in its advertising and marketing materials.

       2.     This action arises out of Defendant's knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (collectively, the "AAA Marks"). Specifically, Defendant has used and continues to use the AAA Marks in connection with a business offering trucking and transportation services, AAA Logistics, without authorization and

DC: 6197112-2

with full knowledge that it is not authorized to use those marks.

3.      Defendant's unlawful use of the AAA Marks is likely to cause—and already may have caused—consumers to believe, erroneously, that Defendant is affiliated or associated with or has been endorsed by AAA, jeopardizing the goodwill and tarnishing the reputation associated with AAA's Marks, confusing those consumers seeking the reliable and dependable services of AAA, and unjustly enriching Defendant.

4.      Defendant's unlawful acts have lessened the capacity of AAA's famous Marks to identify and distinguish the products and services AAA provides under those Marks and thus have diluted the distinctive quality of the Marks.

5.      In addition, on information and belief, Defendant has profited from its unauthorized use of the AAA Marks and has made unauthorized commercial use of the Marks in New York to its benefit and to the detriment of AAA and of consumers, in violation of the laws set forth above.

## PARTIES

6.      Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida.  AAA provides its more than 50 million members with products and services throughout the United States and Canada, including in New York.  AAA's goods and services include travel and automobile-related products and services, financial advice, insurance and warranty coverage, and discounts.  AAA provides its products and services through local AAA member clubs, including AAA Western & Central New York, which covers 25 counties in New York, including Monroe County where AAA Logistics is located.

7.      AAA Logistics is a business operating under the laws of New York, with a principal place of business at 40 Edwards Deming Drive, Ste 1, Rochester, New York 14606.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 15 U.S.C. §§ 1121 and 1125 and under 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over Plaintiff's state law claims

under 28 U.S.C. §§ 1338(b) and 1367(a), as well as under general principles of supplemental and pendent jurisdiction.

9.     Defendant is subject to personal jurisdiction within the Western District of New York because Defendant is incorporated under New York law and maintains its principal place of business in Rochester.

10.     Venue is proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant's principal place of business is in this District.

## FACTS ENTITLING AAA TO RELIEF

### A.     AAA's Widespread and Substantial Use of Its Registered AAA Marks

11.     Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations.  That reputation is based largely on the quality and reliability of the products and services it offers through its AAA local clubs.

12.     Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter.  It established itself almost immediately as an advocate for travel safety and road improvement. Today, AAA offers a broad range of products and services, including but also going beyond automobiles and travel.

13.     AAA has invested resources, including for advertising campaigns and promotional efforts, to develop and foster the reputation, recognition, and goodwill associated with its products and services.

14.     AAA has used and continues to use the AAA Marks and logo designs in interstate commerce to identify its products and services.

15.     Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks.  Consequently, AAA members and the public know that local businesses displaying AAA Marks are selected only if they maintain a reputation for quality, integrity, and reliability.

16.     As a result of AAA's provision of quality products and the continuous advertising, promotion, and sale of products and services under the AAA Marks, those trademarks have acquired value and fame in the United States, including in New York, and throughout the world.  Specifically, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high-quality and reliable products and services; indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

17.     AAA and its local clubs have registered AAA-related domain names and maintain Internet websites through which AAA Members and the general public may obtain information and, in some cases, purchase or use products and services (the "AAA Websites").  The AAA Websites were created and operate to attract members and customers, encourage their interest in AAA and its local clubs, and offer products and services.  Some of the services that AAA offers on the AAA Websites are related to consumer relocation, including offering discounts on automobile transport services.  *See* https://wa.aaa.com/discounts/vehicle-transport-consumers-relocation-services and https://wa.aaa.com/discounts/consumers-relocation-services.

18.     AAA has also registered with the United States Patent and Trademark Office ("USPTO") more than 100 trademarks, including Marks that AAA has used since at least 1902, in connection with the products and services offered to its members.  The federal registrations Defendant is violating include:

a. Reg. No. 829,265, for the AAA Mark, used in connection with goods and services, including "providing emergency road service" and "disseminating travel information and making travel arrangements";

b. Reg. No. 2,158,654, for the AAA Mark & Design, used in connection with goods and services, including "emergency road services" and "travel agency services, namely, making reservations and booking for transportation"; and

      c.  Reg. No. 5,036,379, for the AAA Mark & Design, used in connection with goods and services, including "emergency road side repair services" and "travel agency services, namely, making reservations and booking for transportation."

Copies of the registration certificates for the above marks are available on the USPTO website: http://www.uspto.gov.

19.    Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA Marks, including those marks identified above, constitute prima facie evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates.

**B.    Defendant's Unlawful Use of Plaintiff's AAA Marks**

20.    AAA has never authorized Defendant to use its AAA Marks.

21.    Nevertheless, Defendant has knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by using in commerce the business name AAA Logistics and a logo nearly identical to the AAA logo, as seen in the photo below, after Plaintiff's AAA Marks had become famous in New York, the United States, and abroad.



22.    The AAA Logistics business was incorporated by the New York Department of State Division of Corporations on April 15, 2014.

23.    In or around June 2017, AAA learned that Defendant was using the business

name AAA Logistics and the above logo to designate and advertise transportation services.

24.     On June 27, 2017, AAA sent a letter by certified mail to Defendant's principal place of business, requesting that Defendant discontinue all use of the AAA Marks.  This letter was returned "not deliverable as addressed."

25.     On July 24, 2017 AAA sent a second letter by certified mail to Defendant's principal place of business, reiterating its request.  This letter was returned as "unclaimed."

26.     On August 9, 2017, AAA sent copies of these two letters to Defendant's email address at <aaalogistics.ny@gmail.com>.

27.     That same day, AAA received a response from Defendant via email agreeing to bring the business into "compliance" and stating that it was "in the process [of] removing [the AAA Marks] from [its] trucks."

28.     In reply that same day, AAA asked Defendant for an estimated timeframe for the business to reach full compliance as well as photos of the business's trucks once the AAA Marks had been removed.

29.     AAA received no response to this request.

30.     On September 14, 2017, AAA called Defendant, whose representative told AAA that the AAA Marks had been removed from Defendant's trucks.

31.     During this same telephone conversation, AAA again requested photos of the business's trucks as evidence of Defendant's compliance.

32.     Defendant agreed to provide such photos, but did not do so.

33.     Over the following months, AAA continued to request evidence that Defendant had in fact removed the AAA Marks from its trucks.

34.     Defendant repeatedly promised to do so, but never provided such evidence.

35.     In December 2017, AAA learned that contrary to Defendant's claims, Defendant's trucks continue to display the AAA Marks.

36.     Accordingly, on December 21, 2017, AAA sent a third letter by email to the above email address and by certified mail, this time to 1499 Providence Drive, Webster, New

York 14580, which, on information and belief, is the residence of Stepan Babchuk, who, on information and belief, is the owner of Defendant.  This letter informed Defendant that AAA was aware of Defendant's continued infringement and requested evidence that Defendant was taking immediate steps to cease its infringement.

37.     AAA received confirmation that this letter was successfully delivered, but has received no response from Defendant.

38.     At the time Defendant's infringing use of the AAA Marks began and at all times afterward, Defendant has known, or had reason to know, of AAA's rights in the AAA Mark, and has at all times known, or had reason to know, that those marks are famous and valuable.

39.     On information and belief, Defendant knowingly and for profit engaged in the infringing use of the AAA Marks to attract consumers, knowing that consumers would likely believe, incorrectly, that use of the AAA Marks signifies that Defendant's business is sponsored or endorsed by, or associated or affiliated with, AAA.

40.     Defendant's infringing use has damaged, and will continue to damage, the reputation, recognition, and goodwill associated with the famous and distinctive AAA Marks.

41.     Defendant's infringing use has lessened, and will continue to lessen, the capacity of Plaintiff's AAA Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA and, thus, dilute the distinctive quality of Plaintiff's AAA Marks.

42.     Further, on information and belief, Defendant's infringing use has been and continues to be of commercial value to Defendant.

43.     For the foregoing reasons, Defendant's infringing use has caused, and will likely continue to cause, injury to AAA and to the goodwill and value of its AAA Marks.

## COUNT I
### (Federal Trademark Infringement in
### Violation of Section 32 of the Lanham Act)

44.     AAA incorporates by reference all of the preceding paragraphs.

45.     Defendant's infringing use violates Section 32 of the Lanham Act, 15 U.S.C. § 1114, because it constitutes willful and deliberate use in commerce of reproductions, copies, and/or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of Defendant's services in a manner likely to cause confusion, mistake, and deception.

46.     Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

47.     These violations have irreparably damaged AAA, and it has no adequate remedy at law.  Unless enjoined, Defendant will continue the infringing use, further injuring AAA and confusing the public.

48.     Defendant has received revenues and profits as a result of its infringing use, to which Defendant is not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendant is responsible.

## <u>COUNT II</u>
### (Federal False Designation of Origin and Unfair Competition in Violation of Section 43(a) of the Lanham Act)

49.     AAA incorporates by reference all of the preceding paragraphs.

50.     Defendant's infringing use violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendant has willfully and deliberately used in commerce words, terms, names, and/or false designations of origin that have caused confusion and mistake as to the origin, sponsorship, or approval by AAA of services promoted by Defendant.  This conduct constitutes unfair competition and infringement of Plaintiff's AAA Marks.

51.     Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

52.     Defendant's violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendant will continue the infringing use, further injuring AAA and confusing the public.

53.     Defendant has received revenues and profits as a result of its infringing use, to which Defendant is not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendant is responsible.

## COUNT III
### (Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act)

54.     AAA incorporates by reference all of the preceding paragraphs.

55.     Defendant's infringing use violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because such use, which commenced after Plaintiff's AAA Marks became famous, has diluted and continues to dilute the AAA Marks by impairing the ability of the AAA Marks to serve as unique identifiers and by tarnishing the good reputation associated with the AAA Marks.

56.     Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

57.     Defendant's violation of this statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendant will continue the infringing use, further injuring AAA and confusing the public.

58.     Defendant has received revenues and profits as a result of its infringing use, to which Defendant is not entitled, and AAA has also suffered damages as a result of the infringing use, for which Defendant is responsible.

## COUNT V
### (Trademark Dilution Under N.Y. Gen. Bus. Law § 360(l))

59.     AAA incorporates by reference all of the preceding paragraphs.

60.     Defendant's infringing use violates New York General Business Law Section 360(l), because such use, which commenced after Plaintiff's AAA Marks became famous, has diluted and continues to dilute the AAA Marks by impairing the ability of the AAA Marks to serve as unique identifiers and by tarnishing the good reputation associated with the AAA Marks.

61.     Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

62.     Defendant's unlawful conduct has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendant will continue the conduct, further injuring AAA and confusing the public.

63.     Defendant has received revenues and profits as a result of its unlawful conduct, to which Defendant is not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendant is responsible.

### COUNT VI
**(Violation of the New York Consumer Protection Act Under N.Y. Gen. Bus. Law § 349)**

64.     AAA incorporates by reference all of the preceding paragraphs.

65.     Defendant's infringing use violates the New York Consumer Protection Act, New York General Business Law Section 349, because it constitutes deceptive trade practices.

66.     Defendant's conduct is deceptive in violation of Section 349 because Defendant is willfully and deliberately misrepresenting to the public that its business is approved or endorsed by, or are otherwise affiliated with, AAA, when in fact it is not.  This conduct is likely to confuse, and may have already confused, the public as to whether Defendant's business is approved or endorsed by, or are otherwise affiliated with, AAA.  As a direct and proximate result of Defendant's deceptive trade practices, consumers may have mistakenly believed, and will likely continue to believe, that Defendant's business is approved or endorsed by, or otherwise affiliated with, AAA.

67.     Defendant's conduct is unlawful in violation of Section 349 because it violates Sections 32, 43(a), and 43(c) of the Federal Trademark Act ("Lanham Act"), 15 U.S.C. § 1114, 1125(a) and (c), New York General Business Law Sections 360(l), and New York common law as described above and below.

68.     Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

69.     Defendant's unlawful conduct has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendant will continue the conduct, further injuring AAA and confusing the public.

70.     Defendant has received revenues and profits as a result of its unlawful conduct, to which Defendant is not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendant is responsible.

### COUNT VII
### (Unfair Competition and Trademark Infringement Under Common Law)

71.     AAA incorporates by reference all of the preceding paragraphs.

72.     Defendant's unauthorized use of the AAA Marks constitutes trademark infringement and unfair competition under New York common law.  AAA is the prior user of the AAA Marks, and Defendant's willful and deliberate use of the AAA Marks in commerce is likely to cause, and may have already caused, confusion, mistake, and deception as to origin, sponsorship, or approval by AAA.

73.     Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

74.     Defendant's unlawful conduct has and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendant will continue the conduct, further injuring AAA and confusing the public.

75.     Defendant has received revenues and profits as a result of its unlawful conduct, to which Defendant is not entitled, and AAA has also suffered damages as a result of such unlawful conduct, for which Defendant is responsible.

### PRAYER FOR RELIEF

WHEREFORE, AAA respectfully seeks the following relief:

1.     Enjoin and restrain Defendant, its agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the

following acts:

a) Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods or services sold or distributed by the Defendant, or in any other manner; and

b) Using any combination of multiple letter "A's" in any form or manner that would tend to identify or associate Defendant, its business, or its goods or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

2. Require Defendant, pursuant to 15 U.S.C. § 1118, to destroy and/or change all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in its possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3. Require Defendant to cancel or amend any business name, trade name, or corporate registration or application that contains the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, registrations for AAA Logistics;

4. Require Defendant to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. Require Defendant to pay AAA for all damages sustained as a result of Defendant's unlawful conduct described above, plus interest thereon, and require, with respect to

damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act, that such damages be trebled pursuant to 15 U.S.C. § 1117;

6.      Require Defendant to account for and pay to AAA all profits derived by Defendant resulting from its use of the AAA Marks pursuant to 15 U.S.C. § 1117;

7.      Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and New York law;

8.      Award prejudgment interest on all liquidated sums; and

9.      Award such other and further relief as the Court deems just and proper.


Respectfully submitted,


January 12, 2018                    __s/ Robert J. Fluskey, Jr._____
                                    Robert J. Fluskey, Jr.
                                    HODGSON RUSS LLP
                                    The Guaranty Building
                                    140 Pearl Street, Suite 100
                                    Buffalo, NY 14202
                                    Telephone: (716) 848-1688
                                    rfluskey@hodgsonruss.com

                                    *Counsel for The American Automobile Association, Inc.*


Of Counsel:

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010

Ronald G. Dove
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street NW
Washington, D.C., 20001
Telephone:  (202) 662-5189
Facsimile:  (202) 662-6291