**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.,

                 Plaintiff,

   v.

AAA LOGISTICS, INC.,

                 Defendant.

Case No.  18-CV-06040-FPG

**PLAINTIFF'S MEMORANDUM OF LAW**
**<u>IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT</u>**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................5

SUMMARY OF RELEVANT FACTS.........................................................................6

    I.   THE AAA MARKS ..........................................................................6

    II.  THE DEFENDANT'S WILLFUL INFRINGEMENT ................................................7

    III. THIS ACTION AND DEFENDANT'S DEFAULT ..................................9

ARGUMENT...........................................................................................................10

    I.   THE COURT SHOULD ENTER DEFAULT JUDGMENT
          AGAINST DEFENDANT ........................................................................10

    II.  PLAINTIFF IS ENTITLED TO AN
          AWARD OF COSTS AND ATTORNEYS' FEES ..................................................12

PRAYER FOR RELIEF...........................................................................................13

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Bambu Sales, Inc. v. Ozak Trading Inc.*,
 58 F.3d 849 (2d Cir. 1995) ............................................................................... 13

*Designer Greetings, Inc. v. Shah*,
 No. 14-CV-5936 (JS)(SIL), 2017 WL 991085 (E.D.N.Y. Jan. 31, 2017) ............................ 13

*Flaks v. Koegel*,
 504 F.2d 702 (2d Cir. 1974) ............................................................................... 11

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
 973 F.2d 155 (2d Cir. 1992) ............................................................................... 11

*Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*,
 No. 11 CIV. 5980 RA JLC, 2013 WL 5977440 (S.D.N.Y. Nov. 12, 2013) ......................... 11

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
 676 F.3d 83 (2d Cir. 2012) ................................................................................. 13

*Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*,
 702 F. Supp. 2d 104 (E.D.N.Y. 2010) ................................................................... 13

*Malletier v. Artex Creative Int'l Corp.*,
 687 F. Supp. 2d 347 (S.D.N.Y. 2010) ................................................................... 13

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*,
 317 F.3d 209 (2d Cir. 2003) ............................................................................... 13

*Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC.*,
 553 F. Supp. 2d 201 (E.D.N.Y. 2008) ................................................................... 13

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*,
 109 F.3d 105 (2d Cir. 1997) ............................................................................... 11

**Federal Statutes**

15 U.S.C. §§ 1114, 1125(a), and 1125(c) .................................................................. 14

15 U.S.C. § 1117 ........................................................................................ 6, 7, 15

15 U.S.C. § 1117(a) ....................................................................................... 12, 13

15 U.S.C. § 1118...................................................................................................................15

**State Statutes**

New York Consumer Protection Act, the New York General Business Law § 349 ................5, 12

New York General Business Law § 360(l)............................................................................5, 12

Plaintiff The American Automobile Association ("AAA" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Default Judgment against Defendant AAA Logistics, Inc. ("AAA Logistics" or "Defendant").

## PRELIMINARY STATEMENT

This is an action for trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a), and New York common law; for trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and New York state law, New York General Business Law § 360(l); and for deceptive trade practices in violation of the New York Consumer Protection Act, the New York General Business Law § 349.

This action arises out of Defendant's knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (the "AAA Marks"). Defendant has used and continues to use the AAA Marks in connection with the operation of a business offering transportation services under the business name of "AAA Logistics, Inc." without authorization and with full knowledge that it is not authorized to use the AAA Marks. **Most notably, Defendant is using a likeness of the famous AAA oval on its trucks, as seen in the images below.**

 

   Under Federal Rule of Civil Procedure 55(b)(2), AAA is entitled to entry of default judgment and to the relief available under federal and state law.  Specifically, AAA respectfully requests that the Court permanently enjoin Defendant from using the AAA Marks without authorization, including, without limitation, in the name of "AAA Logistics, Inc." and enter a judgment of $5,308.80 in attorneys' fees and $530.10 in costs (a total judgment of $5,838.90) and attorneys' fees against Defendant under Federal Rule of Civil Procedure 54(d)(1)-(2) and 15 U.S.C. § 1117.  *See* Declaration of Neil K. Roman in Support of Plaintiff's Request for Attorneys' Fees and Costs at ¶ 2 and Declaration of Robert J. Fluskey in Support of Plaintiff's Request for Attorneys' Fees and Costs at ¶¶ 3-6.

<h3 style="text-align:center;">SUMMARY OF RELEVANT FACTS</h3>

### I. THE AAA MARKS

   Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida.  *See* Declaration of James G. Brehm in Support of Plaintiff's Motion for Entry of Default Judgment ("Brehm Decl.") at ¶ 2.

   AAA has used in commerce the trademark "AAA" since 1902, and over the last century, the AAA Marks have developed significant fame and goodwill in connection with a

variety of goods and services.  *See id.* at ¶¶ 3, 6-7.  AAA's services include travel and

automobile products and services, financial advice, insurance and warranty coverage, and

discounts, including discounts on automobile transport services.  *See id.* at ¶ 7.  AAA provides

its products and services through local AAA member clubs, including AAA Western & Central

New York.  *Id.*

   In addition to using the AAA Marks in commerce since 1902, AAA owns

federally registered trademarks, including those asserted in this action.  *See id.* at ¶ 3.  AAA has

registered with the United States Patent and Trademark Office more than 100 trademarks in

connection with the products and services offered to its members, including transportation

services.  *See id.* at ¶¶ 3, 7; Complaint at ¶¶ 17-19 (attached as Exhibit 5 to the accompanying

declaration of Rebecca B. Dalton in Support of Plaintiff's Motion for Entry of Default Judgment

("Dalton Decl.")).

   AAA has invested resources, including for advertising campaigns and

promotional efforts, to develop and foster the reputation, recognition, and goodwill associated

with its products and services.  *See* Brehm Decl. at ¶ 5; Complaint at ¶¶ 13-15.  As a result of

AAA's provision of quality products and the continuous advertising, promotion, and sale of

products and services under the AAA Marks, those trademarks have acquired value and fame in

the United States, including in New York, and throughout the world.  *See* Brehm Decl. at ¶ 6;

Complaint at ¶ 16.

## II. THE DEFENDANT'S WILLFUL INFRINGEMENT

   AAA has never authorized Defendant to use the AAA Marks.  Defendant has

knowingly and willfully violated AAA's intellectual property rights by using in commerce the

business name of "AAA Logistics, Inc." and by using the AAA Marks to promote goods and

services after Plaintiff's AAA Marks had become famous in New York, the United States, and abroad. *See* Brehm Decl. at ¶¶ 8-9; Dalton Decl. at ¶¶ 5-20; Complaint at ¶¶ 20-21; 23-38.

The federal trademark registrations that Defendant is violating include:

1. Reg. No. 829,265, for the AAA Mark, used in connection with goods and services, including "providing emergency road service" and "disseminating travel information and making travel arrangements";
2. Reg. No. 2,158,654, for the AAA Mark & Design, used in connection with goods and services, including "emergency road services" and "travel agency services, namely, making reservations and booking for transportation"; and
3. Reg. No. 5,036,379, for the AAA Mark & Design, used in connection with goods and services, including "emergency road side repair services" and "travel agency services, namely, making reservations and booking for transportation."

*See* Dalton Decl. at ¶ 3 & Ex. 1; Complaint at ¶ 18.

In around June 2017, AAA learned that Defendant was using the business name "AAA Logistics" and the AAA Marks to designate and advertise transportation services.

On June 27, 2017, AAA sent a letter by certified mail to Defendant's principal place of business, requesting that Defendant discontinue all use of the AAA Marks. This letter was returned "not deliverable as addressed."

On July 24, 2017, AAA sent a second letter by certified mail to Defendant's principal place of business, reiterating its request. This letter was returned as "unclaimed." Dalton Decl. ¶¶ 5-8 & Ex. 3.

On August 9, 2017, AAA sent copies of these two letters to Defendant's email address at aaalogistics.ny@gmail.com.

That same day, AAA received a response from Defendant via email agreeing to bring the business into "compliance" and stating that it was "in the process [of] removing [the AAA Marks] from [its] trucks."

In reply that same day, AAA asked Defendant for an estimated timeframe for the business to reach full compliance as well as photos of the business's trucks once the AAA Marks had been removed.  AAA received no response to this request.  Dalton Decl. ¶¶ 9-12 & Ex. 3.

On September 14, 2017, AAA called Defendant, whose representative told AAA that the AAA Marks had been removed from Defendant's trucks.  During this same telephone conversation, AAA again requested photos of the business's trucks as evidence of Defendant's compliance.  Defendant agreed to provide such photos, but did not do so.  Dalton Decl. ¶¶ 13-15 & Ex. 3.

Over the following months, AAA continued to request evidence that Defendant had in fact removed the AAA Marks from its trucks.  Defendant repeatedly promised to do so, but never provided such evidence.  Dalton Decl. ¶¶ 16-17 & Ex. 3.

In December 2017, AAA learned that, contrary to Defendant's claims, Defendant's trucks continued to display the AAA Marks.

Accordingly, on December 21, 2017, AAA sent a third letter by email to the above email address and by certified mail, this time to 1499 Providence Drive, Webster, New York 14580, which, on information and belief, is the residence of Stepan Babchuk, who, on information and belief, owns Defendant.  This letter informed Defendant that AAA was aware of Defendant's continued infringement and requested evidence that Defendant was taking immediate steps to cease its infringement.  AAA received confirmation that this letter was successfully delivered, but has received no response from Defendant.  Dalton Decl. ¶¶ 18-20 & Ex. 3.

## III.  THIS ACTION AND DEFENDANT'S DEFAULT

AAA has complied with all the necessary formalities.  AAA filed its Complaint in this action on January 12, 2018.  Dalton Decl. at ¶ 21 & Ex. 5.  Defendant was served, through the New York Secretary of State, with a copy of the Summons and Complaint on January 25, 2018.  Dkt. No. 3; Dalton Decl. at ¶ 22 & Ex. 6.  In addition, on January 24, 2018, a process server served Defendant at its business address of 40 Edwards Deming Drive, Suite 1, Rochester, New York 14606, by leaving a copy of the Summons and Complaint with a manager.  The manager refused to provide his name and refused to "accept" service.  The process server left a copy of the Summons and Complaint at Defendant's office.  Dalton Decl. at ¶ 23 & Ex. 7.

No person or entity appeared or otherwise indicated an intent to proceed in this action on behalf of Defendant within the 21-day timeframe for responding to the Complaint.  Accordingly, on February 22, 2018, AAA requested Entry of Default by the Clerk of Court under Federal Rule of Civil Procedure 55(a).  Docket No. 4; Dalton Decl. at ¶ 24 & Ex. 8.  On February 22, 2018, the Clerk of Court entered default against Defendant.  Dalton Decl. at ¶ 24 & Ex. 9.

Plaintiff now seeks entry of a judgment by default from this Court and a permanent injunction.

## ARGUMENT

## I.   THE COURT SHOULD ENTER DEFAULT JUDGMENT AGAINST DEFENDANT

Federal Rule of Civil Procedure 55 permits the Court to enter a judgment by default against a party when that party has "failed to plead or otherwise defend."  Fed. R. Civ. P. 55.  As AAA seeks injunctive relief against Defendant (instead of damages), plus attorneys' fees and costs, AAA brings this motion pursuant to Rule 55(b)(2).

AAA is entitled to judgment against Defendant on the basis of the facts and allegations in AAA's Complaint. Upon entry of default, the well-pleaded factual allegations of the complaint are taken as true. *See, e.g.*, *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997) ("It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted."); *Laboratorios Rivas, SRL v. Ugly & Beauty, Inc.*, No. 11 CIV. 5980 RA JLC, 2013 WL 5977440, at *4 (S.D.N.Y. Nov. 12, 2013), *report and recommendation adopted*, No. 11 CIV. 5980 RA JLC, 2014 WL 112397 (S.D.N.Y. Jan. 8, 2014) ("In light of [the defendant's] default, a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor.").

As set forth in the Complaint, and above, Defendant unlawfully used and continues to use the AAA Marks, despite having full knowledge that it is not authorized to use those Marks. Specifically, although Defendant is not affiliated with or authorized by AAA, Defendant continues to use the AAA Marks in connection with its operation of a business that offers transportation services, which are closely related to services offered by AAA. *See* Complaint at ¶¶ 20-39; Brehm Decl. at ¶¶ 8-9; Dalton Decl. at ¶¶ 4-20. Defendant is making unauthorized use of the AAA Marks in an attempt to benefit from an apparent association or affiliation with AAA, which for over 100 years, has developed goodwill with customers in relation to its products and services. Complaint at ¶¶ 38-42, 50-52; Brehm Decl. at ¶¶ 3-6.

Defendant's unlawful and unauthorized use of the AAA Marks has confused and is likely to continue to confuse consumers, causing them to believe, erroneously, that

Defendant's services are approved or endorsed by, or otherwise affiliated with, AAA.  Complaint

at ¶¶ 38-42; 50-52; 55-57; 66; Brehm Decl. at ¶ 9.  Moreover, Defendant's use of the AAA

Marks, which became famous long before Defendant first used the Marks, has lessened the

distinctiveness of the Marks and has harmed the goodwill and reputation that AAA has

developed under the Marks over the last century.  Complaint at ¶ 55; Brehm Decl. at ¶¶ 6-9.

Accordingly, based on the facts and allegations pleaded in its Complaint, AAA is

entitled to judgment against Defendant for trademark infringement, false designation of origin,

and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C.

§§ 1114 and 1125(a), and New York common law; for trademark dilution in violation of Section

43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and New York state law, New York General

Business Law § 360(l); and for deceptive trade practices in violation of the New York Consumer

Protection Act, the New York General Business Law § 349.

## II.     PLAINTIFF IS ENTITLED TO AN
##         AWARD OF COSTS AND ATTORNEYS' FEES

AAA is entitled to the costs of this action.  *See* Fed. R. Civ. P. 54(d)(1) (costs

"should be allowed to the prevailing party") *and* 15 U.S.C. § 1117(a) ("When a violation of any

right of the registrant of a mark registered in the Patent and Trademark Office . . . shall have

been established in any civil action arising under this chapter, the plaintiff shall be entitled, . . .

subject to the principles of equity, to recover . . . the costs of action.").

In addition, AAA is entitled to its reasonable attorneys' fees, which are awarded

in "exceptional cases" under the Lanham Act.  15 U.S.C. § 1117(a).  Cases are considered

exceptional when infringement is willful or perpetrated in bad faith.  *See Louis Vuitton Malletier

S.A. v. LY USA, Inc.*, 676 F.3d 83, 108–09 (2d Cir. 2012) (citing *Patsy's Brand, Inc. v. I.O.B.

Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003)) ("We have held . . . that the prerequisite to a

finding that a case is sufficiently 'exceptional' to warrant an award of fees is that the infringement was 'willful' or in 'bad faith.'").  "The finding of willfulness determines the right to attorney's fees." *Louis Vuitton*, 676 F.3d at 111 (citing *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)).

Moreover, the court may "infer that the defendants acted willfully, by virtue of their default." *Malletier v. Artex Creative Int'l Corp.*, 687 F. Supp. 2d 347, 354 (S.D.N.Y. 2010) (awarding attorneys' fees under Lanham Act) (citations omitted).  Allegations in the complaint "as well as Defendants' failure to appear" can "establish that Defendants acted willfully, thus entitling Plaintiff to an award of attorneys' fees." *Designer Greetings, Inc. v. Shah*, No. 14-CV-5936 (JS)(SIL), 2017 WL 991085, at *3 (E.D.N.Y. Jan. 31, 2017), *report and recommendation adopted*, No. 14-CV-5936(JS)(SIL), 2017 WL 972101 (E.D.N.Y. Mar. 10, 2017); *see also Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 117 (E.D.N.Y. 2010) ("By virtue of their default, defendants have admitted plaintiffs' allegation that they acted knowingly and intentionally or with reckless disregard or willful blindness to plaintiffs' rights. Accordingly, plaintiffs are entitled to statutory damages."); *Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC.*, 553 F. Supp. 2d 201, 208 (E.D.N.Y. 2008) (accepting well-pleaded allegations of willfulness as true and awarding attorneys' fees under Lanham Act).

## PRAYER FOR RELIEF

Having demonstrated that Defendant's actions violate 15 U.S.C. §§ 1114, 1125(a), and 1125(c), New York state law, and common law, AAA is entitled to relief that will prohibit Defendant from continuing its unlawful use of the AAA Marks, thereby preventing further infringement and dilution of the AAA Marks.  Accordingly, AAA respectfully requests

that this Court enter judgment in its favor against Defendant on all counts in the Complaint and that it grant AAA the following relief:

       1.     Enjoin and restrain Defendant, its agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from engaging in any of the following acts:

       a)     Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the designation "AAA" or any other name, logo, or Mark that includes the designation "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as a part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, on or in relation to any goods or services sold or distributed by the Defendant, or in any other manner; and

       b)     Using any combination of multiple letter "A's" in any form or manner that would tend to identify or associate Defendant or its business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

       2.     Order Defendant, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationery, software, and any other items in its possession or control which contain the infringing designations "AAA," or any term confusingly similar to "AAA," either alone or in combination with other words or symbols, and to destroy all plates, molds, matrices, masters, and other means of making any of those infringing items;

3.      Order Defendant to cancel or amend any assumed business names, any business name, trade name, or corporate registrations or applications, and any other public filings that contain the AAA Marks, or any other confusingly similar name, logo, or mark, including, but not limited to, those filings for AAA Logistics, Inc.;

4.      Order Defendant to file with the Court and to serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.      Order Defendant to pay to Plaintiff the costs of suit and Plaintiff's reasonable attorneys' fees, totaling $5,838.90, in accordance with 15 U.S.C. § 1117 and New York law; and

6.      Award such other and further relief as the Court deems just and proper.

Dated: March 21, 2018

**HODGSON RUSS LLP**
*Attorneys for Plaintiff*

By:   s/ Robert J. Fluskey, Jr.
Robert J. Fluskey, Jr.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, NY   14202-4040
716.856.4000
*rfluskey@hodgsonruss.com*

14713871v2