UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.,

        Plaintiff,

                Case # 18-CV-6040-FPG

v.

                DECISION AND ORDER

AAA LOGISTICS, INC.,

        Defendant.

## INTRODUCTION

On July 17, 2019, the Court issued an Order to Show Cause ordering Defendant AAA Logistics, Inc. to show why it should not be held in civil contempt for its failure to abide by the Court's permanent injunction. ECF No. 16. It gave Defendant until August 9, 2019 to file a response. Defendant did not do so, which is consistent with its default in this case and its prior attempt to evade service. *See id.* at 1. Accordingly, in light of Defendant's continued disobedience of the Court's orders and its failure to file a response, the Court finds Defendant in civil contempt and orders as follows.

## DISCUSSION

The Court has the "inherent power to enforce compliance with [its] lawful orders through civil contempt." *In re Residential Capital, LLC*, 571 B.R. 581, 584 (Bankr. S.D.N.Y. 2017). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369

F.3d 645, 655 (2d Cir. 2004). These elements are satisfied: the Court's order unambiguously directed Defendant to, *inter alia*, cease using the "AAA" trade or corporate name and cancel the corporate registration for AAA Logistics, Inc., ECF No. 11 at 11-13; there is clear and convincing evidence that the corporate registration for AAA Logistics, Inc. remains active, ECF No. 15-5 at 2-3; and Defendant has not even responded to the Court's orders, let alone attempted to comply with the injunction.

Therefore, sanctions are warranted. "The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." *Sulzer Mixpac USA, Inc. v. Shanghai NSJ Hardware Ltd.*, No. 09 Civ. 9705, 2013 WL 5997707, at *3 (S.D.N.Y. Nov. 13, 2013). "Sanctions that may be imposed for civil contempt include fines that cease to accrue when the noncomplying party purges himself of the contempt." *Buffalo Laborers' Welfare Fund v. D. Land. Constr. Co., Inc.*, No. 08-CV-746, 2010 WL 3894987, at *2 (W.D.N.Y. Sept. 30, 2010). "In deciding whether to impose a coercive remedy, the district court must consider (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Id.* But "[t]he most important consideration is whether the sanction is reasonable in relation to the facts surrounding the contempt." *Id.*

Here, Defendant's continued noncompliance is harming Plaintiff insofar as its trademark infringement will likely continue to cause consumer confusion. *See* ECF No. 11 at 4-7 (discussing likelihood of consumer confusion). Given Defendant's default, continued failure to abide by the Court's orders, and willful attempt to evade service, "it is reasonable to conclude that, without the threat of coercive sanctions, [Defendant] will again fail to comply." *Buffalo Laborers' Welfare*

- 2 -

*Fund*, 2010 WL 3894987, at *2. In addition, Defendant has not provided any information regarding its financial resources. *See Sulzer*, 2013 WL 5997707, at *5 (stating that the "alleged contemnor bears the burden of producing evidence of his inability to comply").

Under the circumstances, and after considering the relevant factors, the Court concludes that a fine of $100 per day "is severe enough to encourage [Defendant] to quickly comply with the order, but is not so severe as to financially harm [it]." *Buffalo Laborers' Welfare Fund*, 2010 WL 3894987, at *2 (imposing same fine); *see also Waterkeeper Alliance Inc. v. Spirit of Utah Wilderness, Inc.*, No. 10-CV-1136, 2017 WL 4386376, at *5 (S.D.N.Y. Oct. 2, 2017) (imposing $100 per day fine for noncompliance in trademark infringement case). Furthermore, Plaintiff is entitled to reasonable attorney's fees and costs associated with seeking compliance with the default judgment.[1] *See Waterkeeper Alliance*, 2017 WL 4386376, at *5 (noting that civil contempt sanctions may include reimbursement of movant's expenses).

## CONCLUSION

Defendant AAA Logistics, Inc. is held in civil contempt of court for failure to comply with the Court's March 25, 2019 Decision and Order (ECF No. 11). It is therefore ordered that:

1. Defendant shall immediately comply with the Court's March 25, 2019 Decision and Order (ECF No. 11);

2. Beginning **November 8, 2019**, Defendant will be assessed a compliance fine of $100 per day for each day it fails to comply with the Court's March 25, 2019 Decision and Order;

3. Defendant shall reimburse Plaintiff for reasonable attorney's fees and costs that it incurred in bringing the present motion;

4. By **November 8, 2019**, Plaintiff shall submit its requested expenses to the Court for review;

---

[1] Plaintiff also requests that Defendant be ordered to immediately pay the attorney's fees and costs that the Court previously granted as part of the default judgment. *See* ECF No. 15-1 at 3. Because that amount has already been reduced to judgment, the Court finds it unnecessary to do so. *See* ECF No. 12.

5. Defendant may purge the contempt by complying with the Court's March 25, 2019 Decision and Order (ECF No. 11) and filing a sworn affidavit attesting to such.

6. Plaintiff shall serve this Decision and Order on Defendant. In addition, Plaintiff shall make reasonable efforts to serve one of Defendant's officers with the documents listed at ECF Nos. 11 through 17, along with this Decision and Order. The Court will also mail a copy of this Decision and Order to Defendant's business address.

IT IS SO ORDERED.

Dated: October 25, 2019
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court